IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANDREA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | CIVIL ACTION NO. _____ |
| COMPANY AND SUBSTITUTE | § | |
| TRUSTEE CONNIE COBB, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Metropolitan Life Insurance Company ("Metropolitan Life" or "Defendant") removes this action from the 444th District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division, as follows:

### I.   STATE COURT ACTION

1. On June 2, 2022, Plaintiff Andrea Garcia ("Plaintiff") filed her *Original Petition and Request for Temporary Restraining Order* (the "Petition") in the 444th District Court of Cameron County, Texas, styled: *Andrea Garcia v. Connie Cobb Substitute Trustee*, Cause No. 2022-DCL-02707 (the "State Court Action").

2. In the State Court Action, Plaintiff seeks, among other things, injunctive relief to preclude and set aside the foreclosure sale of the real property commonly known as 502 Mississippi Street, Harlingen, Cameron County, Texas 78550. *See* Petition, XII. Plaintiff admits she is in default on her mortgage loan, but alleges that Defendant failed to provide her the right to cure her default. Plaintiff asserts claims for violation of the Texas Property Code and contends that

Defendant lacks standing to foreclose.  Plaintiff also seeks damages for mental anguish and loss of credit, and attorney's fees.

3. On July 27, 2022, Defendant Metropolitan Life intervened as the real party in interest in this case.  Metropolitan Life was the mortgagee of the subject note and deed of trust, and is the Grantee under the Substitute Trustee's Deed dated June 7, 2022.  Metropolitan Life has not yet been served.  Therefore, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).

4. No consent is required from co-defendant Connie Cobb, who has been named in her capacity as Substitute Trustee (the "Substitute Trustee"), because she is a nominal party that has been improperly joined.  *See Dempsey v. Deutsche Bank Nat'l Tr. Co.,* No. 1:20-cv-203, 2020 WL 7384687, at *2 (S.D. Tex. Dec. 16, 2020)(Rodriguez, J.) (collecting Fifth Circuit cases); *Cervantes v. Ocwen Loan Servicing, L.L.C.*, 749 Fed. App'x 242, 245 (5th Cir. 2018); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988); *HDNet MMA 2008 v. Zuffa, LLC*, No. 3:08-CV-0442-G, 2008 WL 958067, at *3 n. 5 (N.D. Tex. Apr. 9, 2008); *Rossy v. BAC Home Loans Servicing LP*, No. 4:10-cv-444, 2010 WL 5889889, at *2 (E.D. Tex. Nov. 10, 2010); *Torres v. Trans Health Mgmt., Inc.*, 509 F. Supp. 2d 628, 630 n.1 (W.D. Tex. 2006).

5. Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.  PROCEDURAL REQUIREMENTS

6. This action is properly removed to this Court, as the lawsuit is pending within the district and division.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(4).

7. The United States District Court for the Southern District of Texas, Brownsville Division, has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and were at the time this action commenced, diverse in citizenship from

Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

8.      Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | State Court docket sheet, Executed Process, Orders and Pleadings |
| **Exhibit E** | Cameron County Appraisal |

9.      In connection with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the 444th District Court of Cameron County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.    DIVERSITY JURISDICTION

10.     Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant, and the citizenship of the Substitute Trustee can be disregarded on the grounds of improper joinder. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

**A.    COMPLETE DIVERSITY EXISTS**

11.     Plaintiff is a natural person, so her citizenship for diversity purposes is determined by "where [she has] domiciled, that is, where [she has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).

Plaintiff is domiciled in Cameron County, Texas. *See* Petition, p. 1. Therefore, Plaintiff is a citizen of Texas for diversity purposes.

12. Defendant Metropolitan Life is a corporation, which is considered to be both a citizen of its state of incorporation and of its principal place of business. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88–89 (2005). Metropolitan Life is a New York corporation with its principal place of business in New York. Thus, Metropolitan Life is a citizen of New York for diversity purposes.

B. **THE SUBSTITUTE TRUSTEE WAS IMPROPERLY JOINED AND HER CITIZENSHIP SHOULD BE DISREGARDED**

13. Plaintiff is suing Connie Cobb in her capacity as Substitute Trustee. *See* Petition at p. 2. The Substitute Trustee is a citizen of Texas, but her citizenship should be disregarded for diversity purposes because Plaintiff improperly joined the Substitute Trustee to this lawsuit. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). A removing party establishes improper joinder by showing that the plaintiff cannot establish a cause of action against the non-diverse defendant under state law. *Larroquette*, 466 F.3d at 376. This requires the Court to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Id.* A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

14. Whether the plaintiff has alleged a valid cause of action "depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). A plaintiff must at least state "specific actionable conduct" sufficient to support a cause of action against a non-diverse defendant. *See id.* at 699. "A mere formulaic recitation of the elements of a cause of action asserted against a

non-diverse defendant is not sufficient under this standard." *Felder v. Countrywide Home Loans*, No. CIV.A. H-13-0282, 2013 WL 6805843, at *4 (S.D. Tex. Dec. 20, 2013).

15.     "[C]ourts routinely hold that the mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction." *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *2 (W.D. Tex. May 13, 2014); *see also Eisenberg v. Deutsche Bank Trust Co. Ams.*, No. SA-11-CV-384-XR, 2011 WL 2636135, at *4 (W.D. Tex. July 5, 2011) ("Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure."); *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701, 2013 WL 2896883, at *3 (N.D. Tex. Jun. 13, 2013) (trustee named solely in action to enjoin foreclosure is a nominal party whose presence does not affect diversity jurisdiction); TEX. PROP. CODE § 51.007 (providing procedure for dismissal of causes of action asserted against trustees solely in their capacity as trustees under a deed of trust, contract lien, or security instrument).

16.     In addition, the Texas Property Code provides a safe harbor for substitute trustees. *See* TEX. PROP. CODE § 51.007(f). "Courts considering the good faith element of § 51.007(f) have generally held that '§ 51.007(f) imposes a substantive pleading requirement on a plaintiff seeking to recover against a substitute trustee.'" *Williams v. Wells Fargo Bank*, 4:13-CV-825, 2014 WL 1024003, at *5 (S.D. Tex. Mar. 13, 2014) (citing *Felder v. Countrywide Home Loans,* No. H–13–0282, 2013 WL 6805843, at *5 (S.D. Tex. Dec. 20, 2013); *Cantor v. Wachovia Mortg., FSB,* 641 F. Supp. 2d 602, 611 (N.D. Tex. 2009)).  "Where the plaintiff did not allege bad faith on the part of the defendant, courts have held that substitute trustees were improperly joined for the purposes of establishing diversity jurisdiction." *Williams*, 2014 WL 1024003, at *5 (quoting *Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP,* No. G–12–188, 2013 WL 1619691, at *3 (S.D. Tex. March 22, 2013) (aggregating cases)). *See also Rojas v. Wells Fargo*

*Bank, N.A.*, 571 F. App'x 274, 277 (5th Cir. 2014) (holding that the substitute trustee "was improperly joined because the Texas Property Code creates a qualified immunity for mortgage trustees who make good faith errors" and plaintiff did not allege bad faith so had no reasonable basis for recovery) (citing TEX. PROP. CODE § 51.007(f)).

17. Here, Plaintiff does not plead any factual allegations in the Petition that would suggest bad faith on the part of the Substitute Trustee. There are simply no factual allegations supporting the conclusion that the Substitute Trustee was not acting in good faith when she acted at the request of Defendants. "Therefore, the Substitute Trustee[] cannot be liable for any error they may have made which contributed to the alleged . . . violation of Property Code, or wrongful foreclosure," *Williams*, 2014 WL 1024003, at *5, and Plaintiff has no plausible basis to recover against her. The mere fact that Plaintiff seeks injunctive relief, which would presumably enjoin the Substitute Trustee from acting, does not preclude a finding of improper joinder because injunctive relief is dependent on an underlying cause of action. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010).

18. Consequently, Plaintiff does not raise the "theoretical possibility" that any cause of action could be maintained against the Substitute Trustee. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 and n.8 (5th Cir. 1995) (citation omitted) (affirming denial of motion to remand, in part, on grounds that the plaintiff's complaint did not contain allegations which could support a claim against the non-diverse defendant); *see also Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 611-12 (N.D. Tex. 2009) (denying remand and disregarding the citizenship of the defendant trustee upon a finding that no reasonable basis existed for plaintiff's recovery against the trustee). Therefore, the Substitute Trustee has been improperly joined and her citizenship should be disregarded for removal purposes. *Great Plains Trust Co. v. Morgan Stanley*

*Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (holding that where non-diverse defendant is improperly joined, case is properly in federal court).

### C.     AMOUNT IN CONTROVERSY

19.     Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

20.     When "a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (quoting *Waller v. Prof' l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)). Plaintiff seeks to set aside the foreclosure sale of the Property. *See* Petition, XII. As a result, the right to the Property has been called into question and the entire value of the Property is squarely at issue. According to the Cameron County Appraisal District, the current tax assessed market value of the Property is $148,419.[1] *See* Exhibit E.

21.     Additionally, this Court may also consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Property Cas. Ins. Co.*, No. 3:07-

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the Cameron County Appraisal District valuation for the Property.

**NOTICE OF REMOVAL**  **PAGE 7**

CV-1608-O, 2008 WL 2115606, at **8-9 (N.D. Tex. May 20, 2008) (considering plaintiff's request for exemplary damages and potential recovery pursuant to Tex. Civ. Prac. & Rem. Code § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000); *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Bldg. Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

22.     Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks money damages and attorney fees in addition to a judgment setting aside the foreclosure of the Property. When the value of the Property is combined with the money damages and attorney fees, the amount in controversy exceeds $75,000, exclusive of interest and costs.

23.     Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV.     CONCLUSION

WHEREFORE, Defendant removes this action from the 44th District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Brenda Hard-Wilson*
**Marc D. Cabrera (Attorney-in-Charge)**
  State Bar No. 24069453
  Southern District Bar No. 1093318
  mcabrera@polsinelli.com
**Brenda A. Hard-Wilson**
  State Bar No. 24059893
  Southern District Bar No. 2266217
  bhard-wilson@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
T: (214) 397-0030
F: (214) 397-0033

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all parties of record *via ECF* on this 28th day of July 2022.

*/s/ Brenda Hard-Wilson*
Counsel for Defendant